

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2007

# Jupiter v. Warden Lewisburg

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Jupiter v. Warden Lewisburg" (2007). *2007 Decisions.* Paper 912.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/912

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-252                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1325
_____

CLARENCE S. JUPITER,

Appellant

v.

WARDEN, USP LEWISBURG

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 06-cv-01631)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2007

Before: BARRY, AMBRO and FISHER, Circuit Judges

(Filed:   June 19, 2007)
_____

OPINION
_____

PER CURIAM

In August 2006, Jupiter, a federal prisoner, filed a habeas petition pursuant to 28

U.S.C. § 2241, alleging that the United States Penitentiary in Lewisburg, Pennsylvania

("Lewisburg prison") denied him access to the courts when it lost his legal materials pertaining to a pending court action.[1] In August 2005, the Bureau of Prisons transferred Jupiter from the federal prison in Leavenworth, Kansas, to the segregation housing unit at the Lewisburg prison. Within a few weeks of the transfer, Jupiter received a notice from a court, directing him to file a response by a date certain. On September 5, 2005, after reviewing the legal material that the Lewisburg prison gave him, Jupiter noticed that some of his legal materials, including affidavits, transcripts, statements, petitions, and other pleadings, were missing. He complained, requesting that the prison return the legal materials to him and advise the court about the loss. According to Jupiter, he needed the legal materials, some of which were irreplaceable, in order to comply with the court notice. He claims that the Lewisburg prison deprived him of access to the courts because it intentionally or negligently failed to provide his legal materials to him and thereby prevented him from proceeding with the case. He seeks release from incarceration.

The Warden of the Lewisburg prison contended that Jupiter's claims were not cognizable under § 2241 because he did not challenge the fact or duration of his confinement. The Magistrate Judge agreed, recommending that the petition be dismissed. The District Court overruled Jupiter's objections, adopted the Magistrate Judge's Report and dismissed the petition without prejudice to his filing a <u>Bivens</u> action.[2] Jupiter filed a motion for reconsideration, which the District Court denied. Jupiter timely appealed.

---

[1] Jupiter does not identify the nature of the action.

[2] <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

We have jurisdiction pursuant to 28 U.S.C. §§ 1291. We exercise plenary review over the District Court's legal conclusions as no evidentiary hearing was conducted by the District Court. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).[3]

The District Court properly held that Jupiter's access to the courts claim does not lie at the core of habeas and, thus, is not cognizable under § 2241. In Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002), we held that Leamer's challenge to the conditions of his confinement was properly brought in a civil rights action rather than a habeas petition. "When examining whether Preiser and its progeny require a claim to be brought under habeas, unless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983. Leamer's claim not only does not fall within the core of habeas; it would not be properly brought under habeas at all." Leamer, 288 F.3d at 544.

Jupiter claims that he should be released because the Lewisburg prison deprived him of meaningful access to the courts, which caused his incarceration to be unlawful. We disagree. The access to the courts claim has no bearing on the lawfulness of his incarceration. Nor would Jupiter's ultimate success on the merits of the claim result in a speedier release from prison. We agree with the District Court that Jupiter cannot bring the claim in a habeas petition.

Because no substantial question is presented by this appeal, the District Court's

---

[3] We do not review the District Court's order denying reconsideration as Jupiter did not file an amended notice of appeal.

3

judgment will be summarily affirmed.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.